The Miami County Court of Common Pleas' overruling of Steven R. Hall's motion to withdraw a guilty plea prompts this appeal.
In March 1994, a "Complaint by Individual" charged Hall with attempted aggravated murder, an aggravated felony of the first degree, stemming from a November 11, 1993 bombing incident. Hall's cooperation with the authorities resulted in the abandonment of the attempted aggravated murder charge. By information filed March 6, 1994, Hall was charged with one count of conspiracy to commit aggravated arson, a second degree felony in violation of R.C. 2923.01(A)(1), and one count of unlawful possession of a dangerous ordnance, a fourth degree felony in violation of R.C. 2923.17(A). That same day, Hall appeared before the trial court with his defense counsel, waived his right to have the charges considered by the grand jury, and pleaded guilty to conspiracy to commit aggravated arson and unlawful possession of a dangerous ordnance. After conducting a plea colloquy with Hall, the trial court accepted his guilty plea, ordered a pre-sentence investigation, and scheduled a sentencing hearing. On November 21, 1994, Hall appeared for sentencing and the trial court imposed concurrent sentences of four to fifteen years for conspiracy to commit aggravated arson and one and one-half years for unlawful possession of a dangerous ordnance. In June 1995 and July 1996, Hall's defense counsel filed motions for shock probation, both of which the trial court overruled.
On April 22, 1998, Hall filed a Crim.R. 32.1 motion to withdraw his guilty plea, asserting that his defense counsel, the state, and the trial court had misled him to believe that he would be eligible for probation when in fact, the unlawful possession of a dangerous ordnance offense was a nonprobationable offense. He claimed that he would not have pleaded guilty had he known he was not eligible for probation. On May 4, 1998, the trial court denied Hall's motion because Hall had already served the sentence for the unlawful possession of a dangerous ordnance offense and remained in prison for the conspiracy to commit aggravated arson offense, which "was, in theory, probationable." The trial court nonetheless addressed the merits of Hall's motion and concluded that no manifest injustice existed to warrant the withdrawal of his guilty plea because, in exchange for Hall's guilty plea, the state had reduced the "onerous charge of attempted aggravated murder," and because Hall's and his co-conspirators' confessions had implicated Hall in the bombing incident. Hall filed a notice of appeal on May 29, 1998. Because his three assignments of error address the same alleged deficiency in the plea proceedings, we will treat them together.
 I. DEFENDANT-APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY SUMMARILY DISMISSING HIS MOTION TO WITHDRAW HIS GUILTY PLEA PURSUANT TO CRIM. RULE 32.1
 III. THE DEFENDANT-APPELLANT WAS PREJUDICED BY NOT BEING ABLE TO RECEIVE A FAIR ADVERSARIAL PROCESS BY PROSECUTORIAL MISCONDUCT.
Hall contends that the trial court erred in summarily overruling his Crim.R. 32.1 motion. He complains that prior to sentencing, his defense counsel told him that "he would be out of prison in six months on probation," that the state represented to him that it "would not object to probation" and should have informed the trial court that he was ineligible for probation, and that the trial court failed to advise him that he was ineligible for probation as required by Crim.R. 11(C)(2)(a).
Pursuant to Crim.R. 32.1, the trial court "may set aside a judgment of conviction and permit a defendant to withdraw a guilty plea after imposition of sentence only tocorrect a manifest injustice." (Emphasis added.) State v.Blatnik (1984), 17 Ohio App.3d 201, 202. Motions for withdrawal of guilty pleas made after the imposition of sentence are granted only in extraordinary cases. State v. Smith (1977),49 Ohio St.2d 261, 264. A defendant moving for postsentence withdrawal of a guilty plea "has the burden of establishing the existence of manifest injustice." Id. at 264. Furthermore, the trial court need not conduct a hearing on a postsentence Crim.R. 32.1 motion if "the facts alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." Blatnik, 17 Ohio App.3d at 204.
The state does not dispute that, pursuant to the version of R.C. 2951.02(F)(3) in effect at the time of Hall's sentencing, Hall was ineligible for probation on the unlawful possession of a dangerous ordnance offense. See State v. Butler (1989),42 Ohio St.3d 174, 177. It is also undisputed that the trial court did not inform Hall that he was ineligible for probation as required by Crim.R. 11 (C)(2)(a). The transcripts of the plea hearing and the sentencing hearing demonstrate that Hall, his defense counsel, the state, and the trial court were all under the impression that Hall was eligible for probation. At the plea hearing, the trial court referred the case to the adult probation department for a pre-sentence investigation. At the sentencing hearing, Hall's defense counsel asked the trial court to "consider him strongly for probation," and Hall asked the trial court "not to take [him] away from [his] family." The trial court gave the state an opportunity to respond to the pleas for probation, but the state offered no response. The trial court stated that it had relied upon the pre-sentence investigation report in determining Hall's sentence. After imposing sentence and describing the bombing incident as a "very dangerous situation," the trial court stated that Hall was "not a good risk for probation."
Because the misconception of the trial court and both counsel that Hall was eligible for probation was apparent from the transcripts, Hall should have brought his challenge to the proceedings on direct appeal and by not doing so he thus waived the right to assert his challenge at this late date. SeeState v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Nevertheless, in our judgment, Hall did not demonstrate that his guilty plea must be vacated to correct a manifest injustice. See Crim.R. 32.1; Smith, 49 Ohio St.2d at 264. The trial court's statements at the hearings and the four to fifteen year term of imprisonment imposed for conspiring to commit aggravated arson, a more serious albeit probationable offense, indicate that the trial court imposed a one and one-half year sentence for unlawful possession of a dangerous ordnance not because the offense was nonprobationable under R.C. 2951.02(F)(3) but because it considered the bombing incident a serious crime. The record shows the trial court's lack of awareness, at the time of sentencing, that Hall was ineligible for probation. Indeed, the trial court's adverse rulings on Hall's two motions for shock probation do not manifest an awareness of Hall's ineligibility for probation on the unlawful possession of a dangerous ordnance charge. Furthermore, the only manifest injustice that Hall alleges is that he would not have entered a plea of guilty to a nonprobationable offense and that he served one and one-half years in prison for an offense that he was led to believe was probationable. We cannot agree that a manifest injustice capable of judicial remedy exists at this point in time when Hall has already completed his sentence for unlawful possession of a dangerous ordnance. Because the trial court sentenced Hall to concurrent prison terms, the unlawful possession of a dangerous ordnance sentence was subsumed by the four-to-fifteen year sentence for the offense of conspiracy to commit aggravated arson.
Nor do we think, from what we can glean from this record, that a manifest injustice resulted from Hall's pleading guilty to a fourth degree felony without having been advised that it was nonprobationable. As indicated, the one and one-half year sentence was run concurrently with, and subsumed by, the four to fifteen year sentence on the probationable second degree felony.
In State v. Shackleford (Aug. 31, 1990), Montgomery App. No. 11666, unreported, we upheld a guilty plea on somewhat similar facts. Shackleford was told when he pleaded guilty that he was eligible for probation although he was prima facie a repeat offender. A repeat offender was not eligible for probation. Shackleford was sentenced to prison and, on appeal, he contended that the trial court had erred in accepting his guilty plea when he was not eligible for probation. We held that absent a determination by the trial court that Shacklefordwas a repeat offender — a determination not apparent from the record — there was no basis for setting aside the guilty plea as violative of Crim.R. 11 (C)(2)(a). Here, as in Shackleford,supra, the trial court appears to have thought that Hall was eligible for probation on the fourth degree felony and sentenced him as a matter of discretion because of the gravity of the offense rather than because the trial court had no discretion in the matter. In Shackleford, we concluded that error had not been demonstrated. Here we are constrained to conclude that error occurred, but considering the surrounding circumstances, we think the trial court acted well within its discretion in concluding that no manifest injustice occurred.
Finally, the case against Hall — had he not pleaded guilty — appears to have been impressive.
In sum, we conclude that the trial court did not abuse its discretion in summarily refusing to vacate Hall's guilty plea because the trial court reasonably concluded that Hall failed to show that a manifest injustice had occurred.
The assignments of error are overruled.
The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
James D. Bennett Steven Hall Hon. Robert J. Lindeman